IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EMMA JACKSON HOLMES (#49131)**            **PETITIONER**

**v.**            **No. 4:13CV11-A-V**

**GRENADA COUNTY, ET AL.**            **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the January 25, 2013, petition [Doc. 1] of Emma Jackson Holmes for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State moved [Doc. 8] to dismiss the petition on August 9, 2013. Holmes has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the State's motion [Doc. 8] to dismiss will be granted and the petition dismissed as untimely filed.

**Facts and Procedural Posture**

On February 20, 1991, Emma Jackson Holmes was convicted of sale of a controlled substance in the Circuit Court of Grenada County, Mississippi, and sentenced as a habitual offender to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Holmes is currently housed in the Central Mississippi Correctional Facility in Pearl, Mississippi. On August 3, 1992, the Mississippi Supreme Court affirmed Holmes' conviction and sentence. *Holmes v. State*, 604 So.2d 327 (Miss.1992)(Cause No. 91-KA-0211). Holmes filed an "Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court, which she signed on August 8, 2002. Holmes' application was docketed in Cause No. 2002-M-01308 and was denied on March 20, 2003. The Mississippi Supreme Court also dismissed as improperly filed Holmes' motion for rehearing on April 30, 2003.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not begin to run against a state prisoner before the statute's date of enactment, April 24, 1996. Instead, federal *habeas corpus* applicants like Holmes, whose conviction became final prior to April 24, 1996, are entitled to a one year grace period – until April 24, 1997, to file for federal *habeas corpus* relief. See *Grillete v. Warden, Winn Correctional Center*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Put simply, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Therefore, unless Holmes filed a "properly filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 24, 1997, to toll the limitations period, her *habeas corpus*

petition would be filed too late. *See Grillete*, 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Holmes' initial state application for post- conviction collateral relief was signed over five years after the expiration of the federal *habeas corpus* limitations period; as such, she is not entitled to statutory tolling for the pendency of her state application.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date Holmes delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on January 13, 2013, and the date it was received and stamped as "filed" in the district court on January 25, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over 15 years after the April 24, 1997, *habeas corpus* filing deadline. Holmes does not allege any "rare and exceptional" circumstance to warrant equitable tolling, as she was neither actively misled nor prevented in some extraordinary way from asserting her rights. *See Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Indeed, Holmes has not presented the court with any argument supporting application of equitable tolling. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 21st day of October, 2013.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**